MeRAE, Justice,
dissenting:
I agree with the majority’s decision that James Dial suffered a compensable injury and Bolivar County Gravel Company and its insurer cannot escape liability. I, however, oppose the finding that the occupationally disabling condition was Dial’s pre-existing lung condition and not the occupational exposure to welding smoke. The Commission was in error as a matter of law in apportioning the awarded benefits since there was no prior or existing occupational disability, and, accordingly, I dissent.
The majority opinion obfuscates the distinction between occupational disability and medical disability. What the majority ignores is the fact that Dial steadily worked for almost thirty years for Bolivar County Gravel Company and its predecessors, and that as a result of the injury of November 24, 1986, Dial is today unable to work at Bolivar County Gravel Company or procure any other employment. True, Dial had some pre-exist-ing lung problems, but his medical difficulties were not occupational disabilities.
This Court has explicitly held that only pre-existing medical conditions which result in occupational disabilities require apportionment. Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991). “In work-connected injury cases where the evidence establishes .... a preexisting (symptomatic or asymptomatic) condition which causes the employee to experience no pre-injury occupational disability, apportionment may not be ordered.” Stuart’s Inc. v. Brown, 543 So.2d 649, 655 (Miss.1989). As this Court explained in Marshall Durbin, Inc. v. Hall, 490 So.2d 877, 880 (Miss.1986):
The disability contemplated by the Act is an occupational disability, not a medical disability. Miss.Code Ann. [Sec. 71-3 — 3(i) (Supp.1992) ]. An employee is entitled to compensation to the extent that he has been incapacitated to earn wages. Richey v. City of Tupelo, 361 So.2d 995, 998 (Miss.1978).
[[Image here]]
It avails an employer nothing that a worker may have had an asymptomatic preexisting degenerative condition. Such a person experiences no pre-accident occupational disability. Our compensation Act concentrates upon the employee’s wage earning capacity. (Emphasis added).
See Robinson v. Packard Electric Division, General Motors Corp., 523 So.2d 329, 331 (Miss.1988); Bolton v. Catalytic Construction Co., 309 So.2d 167, 172 (Miss.1975).
The injury Dial sustained on November 24, 1986, triggered his becoming totally disabled to work. Although Dial previously experienced some lung difficulties, they never impeded or foiled his ability to perform his duties for Bolivar County Gravel Company. No occupational disability prior to the November 24, 1986, injury was ever established in the tribunals below. The fact remains that James Dial was gainfully employed on November 24, 1986, and he had not experienced any occupational disability prior thereto. He performed his job duties for approximately thirty years without any limitations. The apportionment segment of the Workers’ Compensation Act should not be utilized in the case at hand. It would only deny and despoil Dial of the benefits he is entitled to by law.
As the old saying goes, one must take the plaintiff (or in this case employee) as he finds him. Insurance Department of Mississippi v. Dinsmore, 233 Miss. 569, 579, 102 So.2d 691, 694 (1958). The majority decision today sets a very dark stage for older employees who have somehow remained able to steadily perform their work despite serious medical disabilities through the years. If Dial had a standard disability insurance policy at the time of his injury, instead of Mississippi’s applicable workers’ compensation law, he could collect two-thirds of his wages from his disability benefits until he reached the age sixty-five. This is so because the term “disabled” is defined, according to the basic disability policy, as the “inability to perform all job functions prior to injury.” One must ask the question: why do we have Workers’ Compensation Law when injured workers do not receive the benefits they deserve? The majority sends out an alarming signal that an employer can now discount or have apportioned a full compensable injury based on a pre-existing condition when no occupational *108 disability exists. It is for this reason that I dissent.
SULLIVAN, J., joins this opinion.
BANKS, J., joins in part.